

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-11-2006

# USA v. Orozsco

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2841

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Orozsco" (2006). *2006 Decisions.* Paper 764.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/764

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 04-2841

———


UNITED STATES OF AMERICA

v.

ANTONIO OROZSCO,
a/k/a EDWIN FARINACCI,
a/k/a EL MONSTRO
(D.C. No. 02-cr-00801-13)


UNITED STATES OF AMERICA

v.

ANTONIO OROZSCO
a/k/a EDWIN FARINACCI
(D.C. No. 04-cr-00163)

Antonio Orozsco,
                    Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Nos. 02-cr-00801-13, 04-cr-00163)
District Judge: Honorable Harvey  Bartle, III

———

Submitted Under Third Circuit LAR 34.1(a)
July 10, 2006

Before: SLOVITER, McKEE, and RENDELL, <u>Circuit Judges</u>.

(Filed: July 11, 2006)

OPINION

———

SLOVITER, <u>Circuit Judge</u>.

Antonio Orozsco pled guilty in Criminal No. 02-801-13 (Eastern District of Pennsylvania) to conspiring to distribute and possess with intent to distribute, one kilogram or more of heroin in violation of 21 U.S.C. § 846. Orozsco stipulated in the plea agreement that the conspiracy involved more than 20 kilograms of heroin. Orozsco also pled guilty to an information in Criminal No. 04-163-01 (Eastern District of Pennsylvania) which separately charged him with distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting in violation of 18 U.S.C. § 2. Orozsco stipulated in connection with the separate charge that he distributed approximately 95.81 grams of heroin. The cases were consolidated for sentencing.

Orozsco also agreed that he would not appeal unless he was sentenced in excess of the statutory maximum or unless the District Court based his sentence on an upward departure. The sentence ultimately imposed did not violate either of those conditions. The statutory maximum sentence in this case was life imprisonment. In sentencing Orozsco, the District Court found that the base offense level was 36, and that Orozsco qualified for the safety valve adjustment under § 5C1.2 of the Sentencing Guidelines

2

which permitted the sentencing court to depart downward two levels. Because Orozsco had accepted responsibility, the District Court departed downward three additional levels reaching a total offense level of 31 and a criminal history category of I. The Government moved for a downward departure, and although the applicable Guideline range was 108-135 months of imprisonment based on the facts to which Orozsco stipulated, the Court, after granting the Government's departure motion, imposed a term of imprisonment of 60 months, a 5-year term of supervised release, and a special assessment of $200.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Under Anders, if, after review of the district court record and a conscientious investigation, counsel is convinced that the appeal presents no issue of arguable merit, counsel may properly ask to withdraw while filing a brief referring to anything in the record that might arguably support the appeal. See id. at 741-42, 744. To satisfy the Anders requirements, appellant's counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues" and then "explain why the issues are frivolous." United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000) (citation omitted). Although Orozsco was advised of his right to file a pro se brief in this court, he has not done so. Thus, we are left with counsel's statement that he has thoroughly examined the record for appealable issues, including issues pertaining to the voluntariness of defendant's plea, Sentencing Guidelines issues, and issues presented

3

under Blakely v. Washington, 542 U.S. 296 (2004), and has asked for permission to withdraw as counsel.

The Government recognizes that there is an arguable issue in that the Sentencing Guidelines were applied by the District Court as mandatory. At the time of Orozsco's sentencing hearing, the Supreme Court had not yet issued its decision in United States v. Booker, 543 U.S. 220 (2005). We would ordinarily remand so that the District Court could reconsider its sentence, see United States v. Davis, 407 F.3d 162 (3d Cir. 2005) (en banc), but in this case we see no need to remand the matter of sentencing because Orozsco has waived any such issue. See United States v. Lockett, 406 F.3d 207, 214 (3d Cir. 2005) (holding that "where a criminal defendant has voluntarily and knowingly entered into a plea agreement in which he or she waives the right to appeal, the defendant is not entitled to resentencing in light of Booker"). Orozsco is therefore not entitled to resentencing.

The Government has filed a motion to dismiss the appeal in light of the waiver. This court has upheld waivers of appeal if knowing and voluntary. See United States v. Khattak, 273 F.3d 557 (3d Cir. 2001). In this case, we choose to examine the record because the appeal is based on an Anders brief. We have examined any other possible issue and agree with counsel that, with the exception of the waived Booker issue, there are no nonfrivolous issues raised. As counsel states, the plea colloquy was adequate and Orozsco gave a knowing, voluntary, and informed admission to the charges, and he

4

knowingly and voluntarily waived his right to appeal. His sentence of 60 months is considerably below the minimum sentence the Presentence Report calculated. Indeed, the only enhancement suggested was based on possession of a firearm, but after Orozsco objected, the District Court sustained the objection. Thus that enhancement was not part of defendant's Guideline range calculation.

Because we agree that there are no nonfrivolous issues for Orozsco's appeal, we will affirm the judgment of conviction and sentence, and we will grant counsel's motion to withdraw.